UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARVIN MERCURE, NICOLE MERCURE,
JOSE R. TORREZ, JUAN D. TORREZ,
BERNADETTE ULIBARRI**, and
**ADAM VALENCIA, on behalf of themselves
and all other employees similarly situated,**

                     Plaintiffs,

v.                                        No. 24-CV-925

**BOARD OF EDUCATION OF THE CHAMA
VALLEY INDEPENDENT SCHOOLS,**

                     Defendant.

## COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND FOR UNJUST ENRICHMENT

COME NOW Plaintiffs Marvin Mercure, Nicole Mercure, Jose R. Torrez, Juan D. Torrez, Bernadette Ulibarri, and Adam Valencia, on behalf of themselves and all other employees similarly situated, by and through their counsel of record, Youtz & Valdez, P.C. (Shane Youtz, Stephen Curtice, James Montalbano, Grace Rhodehouse Barberena), and for their Complaint against the Board of Education of the Chama Valley Independent Schools, submits as follows:

### INTRODUCTION:

1. Defendant, Chama Valley Independent School District ("CVISD" or "Defendant") oversees the operation of public schools in Rio Arriba County, New Mexico. Pursuant to NMSA 1978, § 22-5-4(E) (2005), it has the capacity to be sued on behalf of Chama Valley Independent School District. At all times relevant, Defendant CVISD was responsible for adopting and implementing the policies, customs, and practices of its employees and agents, and overseeing their conduct. Although Defendant CVISD and

the School District are political subdivisions of the State of New Mexico, they are not "arms of the state" for Eleventh Amendment immunity purposes. *Daddow v. Carlsbad Mun. Sch. Dist.*, 1995-NMSC-032, 120 N.M. 97; *Duke v. Grady Mun. Schools*, 127 F.3d 972 (10th Cir. 1997).

2. Pursuant to a uniform policy and/or practice, Defendant pays employees, including Plaintiffs and all members of the putative class, on a bi-monthly schedule.

3. Pursuant to a uniform policy and/or practice, Defendant set a recurring two-week schedule for its employees, including Plaintiffs and all members of the putative class, where employees work 44 hours one week and 36 hours the following week.

4. Pursuant to a uniform policy and/or practice, each pay period Defendant pays employees the same fixed amount, and it does not include any overtime pay for the four overtime hours worked every other week.

5. Pursuant to a uniform policy and/or practice, Defendant allowed some Plaintiffs to suffer or permit to work during extended break periods; for example, on snow days, maintenance employees were to arrive early to clear snow and were given an extended lunch break; if employees remained on the premises, they were expected to work during this break.

6. Plaintiffs and the punitive class are entitled to be paid time and one-half for every hour worked over 40 hours in one work week.

7. For these reasons, Plaintiffs seek, on behalf of themselves and those similarly situated individuals, their unpaid overtime, liquidated damages, attorney fees, and all other relief permitted.

## PARTIES, JURISDICTION, & VENUE

8. Plaintiffs Marvin Mercure, Nicole Mercure, Jose R. Torrez, Juan D. Torrez, Bernadette Ulibarri, and Adam Valencia are adult residents of New Mexico and worked as full-time employees with Chama Valley Independent School District.

9. Plaintiffs Marvin Mercure, Nicole Mercure, Jose R. Torrez, Juan D. Torrez, Bernadette Ulibarri, and Adam Valencia will serve as adequate, typical, and active participants and class representatives for similarly situated employees of Defendant in New Mexico who have not properly received their overtime pay.

10. Venue is appropriate in this Court.

11. This Court has jurisdiction pursuant to 28 U.S.C. §1331 because this cause of action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. Sec. 201, et seq.

## FACTUAL ALLEGATIONS

12. Plaintiffs work (or worked) for Defendant in various classified positions throughout the Chama Valley Independent School District.

13. Plaintiffs are hourly, non-exempt employees under the FLSA.

14. Pursuant to a uniform policy and/or practice, Plaintiffs were paid a set rate for each paycheck during the contracted school year.

15. Pursuant to a uniform policy and/or practice, Plaintiffs and other employees worked a two-week schedule where they worked 44 hours one week and 36 hours the other week.

16. Defendant failed to pay Plaintiffs overtime during the weeks they worked 44 hours.

17. Pursuant to a uniform policy and/or practice, Defendant allowed some Plaintiffs to suffer or permit to work during extended break periods.

18. Defendant failed to pay Plaintiffs for hours worked during extended break periods.

19. As such, Defendant intentionally and repeatedly failed to pay Plaintiffs and other similarly situated individuals time and one half for hours worked in excess of forty hours in a workweek.

## COLLECTIVE ALLEGATIONS

20. Plaintiffs bring this action as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated employees currently or formerly employed by Defendant.

21. The proposed class consists of current and former employees who are similarly affected by the facts detailed above.  In addition, the questions to be determined are ones of common and general interest to the many persons constituting the class to which Plaintiffs belong.

22. Common issues of law and fact exist and will predominate over purely individual questions in this litigation.

23. Defendant's practices are uniform with regard to employees.  The employment practices are uniform, and issues of fact and law can be resolved in collective fashion.

### Count I – Violation of the FLSA (29 U.S.C. § 201 et seq.)

24. Plaintiffs incorporate herein the previous allegations of this Complaint.

25. In any workweek in which Plaintiffs worked at least 40 hours, Defendant's failure to pay Plaintiffs at one-and-one-half times their regular rate of pay, for hours in excess of 40, violated the Fair Labor Standards Act, 29 U.S.C. §§206, 207, 215, 216.

26. In any workweek in which Defendant allowed Plaintiffs suffer or permit to work during non-working hours, Defendant's failure to pay their regular rate of pay, violated the Fair Labor Standards Act, 29 U.S.C. §§206, 207, 215, 216.

27. As a result of such violations, Plaintiffs and those similarly situated, are entitled to the damages, fees, and expenses as set out in the Fair Labor Standards Act, 29 U.S.C. § 216.

28. Defendant's failure to pay wages due was willful.

29. As a direct and proximate result of Defendant's failure to pay wages, its hourly employees, including Plaintiffs, have suffered damages in the form of lost wages and lost use of such wages.

30. All hourly Chama Valley Independent School District employees working the 44/36 schedule are similarly situated such that this case should be certified for a collective action under 29 U.S.C. § 21(b).

## Count II:  Unjust Enrichment

31. Plaintiffs incorporate herein the previous allegations of this complaint.

32. Plaintiffs are entitled to payment for all hours worked for Defendant.

33. Defendant failed to pay Plaintiffs and others for all hours worked, retained the fruits of Plaintiffs and others labor, and retained the monies that should have been paid to Plaintiffs and other as wages for hours worked.

34. Defendant was unjustly enriched by its refusal to pay Plaintiffs for all hours worked and have benefited at Plaintiffs expense.

35. Defendant should be required to disgorge this unjust enrichment.

## JURY DEMAND

36. This case should be heard before a jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray that:

a. The Court determine that this action may be maintained as a collective action pursuant to 29 U.S.C. § 216(b);

b. This case be tried before a jury;

c. They be awarded compensatory damages;

d. They be awarded liquidated damages as permitted by law;

e. The court award Plaintiffs and the class they represent pre-judgment and post-judgment interest as permitted by law;

f. The court award Plaintiffs and the class members costs and attorneys' fees allowed under applicable law, as may be necessary and appropriate; and

g. Any and other relief the Court deems necessary and appropriate.

Respectfully submitted,

**YOUTZ AND VALDEZ, P.C.**

         */s/ Grace Rhodehouse Barberena*
Shane C. Youtz
shane@youtzvaldez.com
Stephen Curtice
stephen@youtzvaldez.com
James A. Montalbano
james@youtzvaldez.com
Grace Rhodehouse Barberena
grace@youtzvaldez.com
900 Gold Ave. SW
Albuquerque, NM 87102
(505) 244-1200 – Telephone

*Counsel for Plaintiffs and All Other Employees Similarly Situated*