IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARVIN MERCURE, NICOLE MERCURE,
JOSE R. TORREZ, JUAN D. TORREZ,
BERNADETTE ULIBARRI, and
ADAM VALENCIA, on behalf of themselves
and all other employees similarly situated,**

      **Plaintiffs,**

vs.                                     Case No. 1:24-CV-00925 GBW/JMR

**CHAMA VALLEY INDEPENDENT SCHOOL DISTRICT,**

      **Defendant.**

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT AND FOR UNJUST ENRICHMENT**

      COMES NOW Defendant Board of Education of the Chama Valley Independent School District (hereinafter "Defendant"), by and through counsel of record, Quiñones Law Firm LLC (Carlos M. Quiñones, Esq.), and hereby files its Answer and Affirmative Defenses to Plaintiffs' Collective Action Complaint for Violations of the Fair Labor Standards Act and for Unjust Enrichment (hereinafter "Complaint"), as follows:

**INTRODUCTION**

      1. Defendant admits the first sentence of Paragraph 1 of the Complaint. The remaining statements in Paragraph 1 constitute legal assertions and/or legal conclusions, requiring no response thereto.

      2. Defendant admits the statements in Paragraphs 2, 3, 4 and 6 of the Complaint.

      3. Defendant denies the statements in Paragraph 5 of the Complaint.

4, The statements in Paragraph 7 of the Complaint constitute a prayer for relief, requiring no response thereto. To the extent any answer is required, Defendant denies the same.

## PARTIES, JURISDICTION, AND VENUE

5. Defendant admits the statements in Paragraph 8 of the Complaint.

6. The statements in Paragraph 9 of the Complaint constitute legal assertions and/or legal conclusions, requiring no response thereto.

7. As to the statements in Paragraphs 10 and 11 of the Complaint, Defendant acknowledges that Plaintiffs seek to establish jurisdiction and venue in this matter, but denies that Plaintiffs have any meritorious claims against Defendant, affirmatively denies any and all liability to Plaintiffs, and further denies proximately causing any injury or damage to Plaintiffs. Notwithstanding, Defendant admits this Court has jurisdiction and is the proper venue.

## FACTUAL ALLEGATIONS

8. Defendant admits the statements in Paragraphs 12, 13, 14, 15 and 16 of the Complaint.

9. Defendant denies the statements in Paragraphs 17, 18 and 19 of the Complaint.

## COLLECTIVE ALLEGATIONS

10. The statements in Paragraphs 20, 21, 22 and 23 constitute legal assertions and/or legal conclusions, requiring no response thereto.

## Count I -Violation of the FLSA (29 U.S.C. § 201 et seq.

11. Defendant fully incorporates by reference its answers to Paragraphs numbered 1 through 23 of the Complaint as if fully set forth herein.

12. The statements in Paragraphs 25, 26, 27 and 30 constitute legal assertions and/or legal conclusions, requiring no response thereto.

13. Defendant denies the statements in Paragraphs 28 and 29 of the Complaint.

### Count II: Unjust Enrichment

14. Defendant fully incorporates by reference its answers to Paragraphs numbered 1 through 30 of the Complaint as if fully set forth herein.

15. The statements in Paragraphs 32 constitute legal assertions and/or legal conclusions, requiring no response thereto.  To the extent any answer is required, Defendant admits the same.

16. Defendant denies the statements in Paragraphs 33, 34 and 35 of the Complaint.

### JURY DEMAND

17. The statements in Paragraph 36 of the Complaint constitute a jury demand, requiring no response thereto.

### RELIEF REQUESTED

18.  Defendant denies that Plaintiffs are entitled to the relief requested in the "Relief Requested" section of the Complaint, including all subparts.

### DEFENDANT'S JURY DEMAND

Defendant hereby demands trial by a jury of peers on all triable issues.

### AFFIRMATIVE DEFENSES

The following affirmative defenses apply to each and every paragraph of the Complaint as if fully set forth in response thereto.

## FIRST AFFIRMATIVE DEFENSE

As a separate and alternative defense, the Complaint, in whole or in part, fails to state a claim(s) upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and alternative defense, Plaintiffs' damages, if any, and which are specifically denied, are barred or reduced to the extent Plaintiffs have failed to mitigate said damages.

## THIRD AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant's alleged actions in this matter do not rise to the level of any statutory deprivation or violation.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, at all times material to this lawsuit, Defendant did not act willfully.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, bona fide meal periods are not worktime under the FLSA.  *See* 29 C.F.R. § 785.19.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, and as may be borne out by discovery, Plaintiffs' claims are or may be barred, in whole or in part, by the doctrines of consent, waiver, estoppel and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant, as part of "the state and its political subdivisions," is or may be exempt from pre-judgment and post-judgment

interest "except as otherwise provided by statute or common law." *See* NMSA § 56-8-4(D).

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant reserves the right to assert additional affirmative defenses as may become known during the course of litigation.

WHEREFORE, having answered the Complaint, Defendant requests the Court dismiss Plaintiffs' Complaint with prejudice and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**QUIÑONES LAW FIRM LLC**

By: Electronic Signature /s/ Carlos M. Quiñones
CARLOS M. QUIÑONES, ESQ.
1223 S. Saint Francis Dr., Ste. C
Santa Fe, NM 87505
(505) 992-1515 (505) 992-1714 (fax)
*Attorney for Defendant Board of Education of the Chama Valley Independent Schools*

It is hereby certified that undersigned counsel filed
the foregoing electronically through the CM/ECF system
on November 20, 2024, which caused the following counsel
to be served by electronic means:

Shane Youtz, Esq.
Stephen Curtice, Esq.
James Montalbo, Esq.
Grace Rhodehouse Barberena, Esq.
Youtz & Valdez, P.C.
900 Gold Ave. SW
Albuquerque, NM 87102
(505) 244-1200
*Attorneys for Plaintiffs*

Electronically Filed */s/ Carlos M. Quiñones*
CARLOS M. QUIÑONES